# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KARA ROWLANDS, as parent and
guardian of CARLY ROWLANDS, a
minor child,

               Plaintiffs,

      v.

THE CENTER FOR PEDIATRIC AND
ADOLESCENT MEDICINE, P.A., RENEE
GROB, M.D., DAVID BROWN, D.O.,
MARIBEL WOODWARD, M.D., and
JULIA PILLSBURY, D.O.,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. K18C-10-028 NEP
In and for Kent County

Submitted: November 28, 2018
Decided: December 21, 2018

## ORDER

### Upon Review of the Affidavits of Merit - Accepted

This matter involves a healthcare negligence suit filed by Plaintiff Kara Rowlands, as parent and guardian of Carly Rowlands, a minor child (hereinafter "Plaintiffs," collectively), against Defendants The Center for Pediatric and Adolescent Medicine, P.A. (hereinafter "the Center"), and Julia Pillsbury, D.O. (hereinafter "Dr. Pillsbury," individually, and "Moving Defendants," collectively), as well as Renee Grob, M.D., David Brown, D.O., and Maribel Woodward, M.D. (all Defendants hereinafter collectively "Defendants"). Moving Defendants have asked the Court to review the affidavits of merit filed in this case for sufficiency.[1]

---

[1] While Moving Defendants also move this Court to determine whether the affidavit complies with 18 *Del. C.* § 6854, the statute only requires the Court at this stage to determine the affidavits'

Plaintiffs claim that Defendants failed to properly diagnose developmental dysplasia of Carly Rowland's left hip and that they failed to perform proper examinations or obtain proper testing. Plaintiffs claim that pursuant to the doctrine of *respondeat superior*, the Center is vicariously liable for the negligent conduct of the other named agents and/or employees who examined and/or treated Ms. Rowlands.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's curriculum vitae.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal, and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

---

sufficiency as relating to § 6853(a)(1) and (c). The Court will address specific issues of evidentiary admissibility as they arise.

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* § 6853(c).

[4] *Id.*

[5] *Id.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Dishmon*, 32 A.3d at 342–43.

In this matter, three affidavits of merit are under consideration. As requested by Moving Defendants, upon the Court's *in camera* review, the Court finds:

1.  Each expert signed the affidavit.

2.  Each expert attached his or her current *curriculum vitae*.

3.  Each expert was licensed to practice medicine as of the date of the affidavit.

4.  All experts are Board Certified, and one expert is Board Certified in Pediatric Medicine, one expert is Board Certified in Orthopaedic Surgery and is fellowship trained in Pediatric Orthopaedics, and one expert is Board Certified in Family Medicine.

5.  Each expert is currently involved in treating patients and/or the teaching/academic side of medicine and was so involved for the three years prior to the alleged negligent acts.

6.  Each affidavit states that reasonable grounds exist to believe that Defendants breached the applicable standard of care while treating Plaintiff; that the Center breached the applicable standard of care through the breaches of the individual defendants; and that the breaches were a proximate cause of Plaintiff's injuries.

WHEREFORE, in consideration of the above, the court finds that the affidavits of merit comply with 18 *Del. C.* §§ 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

3